UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID RAMNARINE,

        Plaintiff,
v.                                              CASE NO.

FAIRWAY-HARBOR, LLC,
CARRABBA'S ITALIAN GRILL, LLC,
and LAS VEGAS V11, INC.,

        Defendants.
_____/

**COMPLAINT**

      Plaintiff, David Ramnarine, by and through his undersigned counsel, hereby sues the Defendants, FAIRWAY-HARBOR, LLC (hereinafter "Fairway-Harbor"), CARRABBA'S ITALIAN GRILL, LLC (hereinafter "Carrabba's Italian Grill") and LAS VEGAS V11, INC. (hereinafter "Las Vegas V11"), for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (hereinafter, the "ADA") and in support thereof states as follows:

**JURISDICTION**

      1.     This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. § 1331 and §1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendants' violations of Title III of the ADA.

**VENUE**

      2.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of this action is situated within this district and the events giving rise to the claims asserted herein occurred in this district.

## PARTIES

3.  Plaintiff, David Ramnarine, is an individual residing in Palm Beach, County, Florida who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities, including walking, due to permanent damage to his spinal cord caused by spinal cancer in 1990. Plaintiff must use a wheelchair to ambulate. Plaintiff drives his own vehicle and has a valid disabled parking permit from the Florida Department of Highway Safety and Motor Vehicles. Plaintiff's access to the premises described below (hereinafter, the "Property") and his full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein was restricted and limited because of Plaintiff's disabilities and will be restricted in the future unless and until Defendants are compelled to remove the physical barriers to access and cure the ADA violations that exist at the Property, including but not limited to those set forth in this Complaint. Plaintiff intends to return to the Property soon to avail himself of the goods and services offered to the public at the Property.

4.  Defendants transact business within this judicial district within the State of Florida by, inter alia, being the owner and/or operator of the Property, which is a shopping center including, but not limited to, an Italian restaurant/grill commonly known as "Carrabba's", and a Cuban restaurant commonly known as Las Vegas Cuban Cuisine. The Property is located at 1725 South Federal Highway, Delray Beach, Florida and is commonly known as "Harbor Plaza". Specifically, Fairway-Harbor owns and operates Harbor Plaza, Carrabba's Italian Grill owns and operates Carrabba's at the Property and Las Vegas V11 owns and operates Las Vegas Cuban Cuisine at the Property.

## CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

5.      On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4).

6.      Places of public accommodation were provided with one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if the defendant had ten or fewer employees and gross receipts of $500,000.00 or less).

7.      Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA, 28 C.F.R., Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if the defendant had ten or fewer employees and gross receipts of $500,000.00 or less).

8.      The Property is a place of public accommodation pursuant to the ADA.

9.      In July, 2011 Plaintiff has attempted to, and to the extent possible, accessed the Property but could not do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or

accommodations offered therein, including but not limited to those barriers, conditions and ADA violations set forth in this Complaint.

10. Plaintiff intends to visit the Property again in the near future in order to utilize the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property, but he will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including, but not limited to those barriers, conditions and ADA violations set forth in this Complaint.

11. Defendants have discriminated against Plaintiff (and others with disabilities) by denying him (them) access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA and will continue to discriminate against Plaintiff (and others with disabilities) unless and until Defendants are compelled to remove all physical barriers that exist at the Property, including but not limited to those set forth in this Complaint, thus making the Property accessible to persons with disabilities, such as Plaintiff, as required by the ADA.

## **COUNT I – FOR INJUNCTION AGAINST FAIRWAY-HARBOR**

12. Plaintiff realleges and reavers paragraphs 1 through 11 above as if fully set forth herein.

13. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access the Property (all of Harbor Plaza) and/or fully and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of the Property, including but

not limited to Carrabba's and Las Vegas Cuban Cuisine, includes (the applicable ADAAG sections are also denoted):

a) Disabled parking spaces at the Property that are not dispersed and properly located (in violation of ADAAG 4.6.2);

b) Lack of sufficient number of disabled parking spaces at the Property (in violation of ADAAG 4.6.4);

c) Disabled parking spaces at the Property that are not striped in a compliant manner (in violation of ADAAG 4.6);

d) Disabled parking spaces at the Property that are not part of an accessible route to the Property (in violation of ADAAG 4.6.3);

e) Non-compliant disabled parking signage at the Property (in violation of ADAAG 4.6.4);

f) Non-compliant accessible route from the public sidewalk and transportation stops to the Property (in violation of ADAAG 4.3);

g) Non-compliant accessible routes from the disabled parking spaces to the Property (in violation of ADAAG 4.3 and ADAAG 4.6);

h) Non-compliant ramps and slopes within the parking spaces and accessible routes to the Property (in violation of ADAAG 4.7 and 4.8;

i) Lack of directional signage informing persons with disabilities as to the compliant accessible route from the disabled parking spaces to the accessible ramp and accessible entrance to the Property (in violation of ADAAG 4.6.4);

j) Lack of signage and policies in place to assist persons with disabilities within the Property (in violation of ADAAG 4.30);

k) Non-compliant maneuvering space and clear floor space within buildings at the Property (in violation of ADAAG 4.2);

l) Non-compliant accessible seating within buildings at the Property (in violation of ADAAG 4.32 and ADAAG 5.1); and

m) Lack of accessible restrooms within the buildings at the Property in violation of the following ADAAG sections opposite the description of the non-compliant aspect of the restrooms:

    i. non-compliant side approach on the pull side of the restroom doors (in violation of ADAAG 4.13.60);

    ii. non-compliant turning radius and clear floor space within the accessible stalls (in violation of ADAAG 4.17.3);

    iii. non-compliant grab bars within the accessible stalls and restrooms (in violation of ADAAG 4.17.6);

    iv. non-compliant urinal heights (in violation of ADAAG 4.18.2);

    v. lack of insulated pipes under sinks (in violation of ADAAG 4.19.4);

    vi. non-compliant mirror heights (in violation of ADAAG 4.19.6);

    vii. protruding objects (in violation of ADAAG 4.4.1);

    viii. toilets in the accessible stalls and restrooms that are not compliant (in violation of ADAAG 4.16, ADAAG 4.17, ADAAG 4.19 and ADAAG 4.22); and

    ix. sinks in the accessible stalls and restrooms that are not compliant (in violation of ADAAG 4.24).

14. The above listing is not intended to be an all-inclusive list of the barriers, conditions and violations of the ADA encountered by Plaintiff and existing at the Property. Plaintiff requires a full and complete inspection of the Property, with full access thereto, in order to determine all of the Defendant's discriminatory acts violating the ADA.

15. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

16. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until

Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including but not limited to those set forth herein.

17. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

18. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order to alter the property to make it readily accessible to and usable by individuals with disabilities to the extent required by the ADA, and the closing of the Property until such time as the required modifications are completed.

WHEREFORE, Plaintiff, David Ramnarine, requests that the Court issue a permanent injunction enjoining Defendant, Fairway-Harbor, from continuing its discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject Property to make it readily accessible to and usable by individuals with disabilities to the full extent required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT II – FOR INJUNCTION AGAINST CARRABBA'S ITALIAN GRILL

19. Plaintiff reallages and reavers paragraphs 1 though 11 above as if fully set forth herein.

20. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access Carrabba's at the Property and/or fully and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations offered therein, includes:

   a) Lack of sufficient number of disabled parking spaces servicing Carrabba's (in violation of ADAAG 4.6.4);

b) Disabled parking spaces servicing Carrabba's that are not striped in a compliant manner (in violation of ADAAG 4.6);

c) Disabled parking spaces serving Carrabba's that are not part of an accessible route to Carrabba's (in violation of ADAAG 4.6.3);

d) Non-compliant disabled parking signage servicing Carrabba's (in violation of ADAAG 4.6.4);

e) Non-compliant accessible route from the public sidewalk and transportation stops to Carrabba's (in violation of ADAAG 4.3);

f) Non-compliant accessible routes from the disabled parking spaces to Carrabba's (in violation of ADAAG 4.3 and ADAAG 4.6);

g) Non-compliant ramps and slopes within the parking spaces and accessible routes to Carrabba's (in violation of ADAAG 4.7 and 4.8);

h) Lack of directional signage informing persons with disabilities as to the compliant accessible route from the disabled parking spaces to the accessible ramp and accessible entrance to Carrabba's (in violation of ADAAG 4.6.4);

i) Lack of signage and policies in place to assist persons with disabilities within Carrabba's (in violation of ADAAG 4.30);

j) Non-compliant maneuvering space and clear floor space within Carrabba's (in violation of ADAAG 4.2);

k) Non-compliant accessible seating within Carrabba's (in violation of ADAAG 4.32 and ADAAG 5.1); and

l) lack of accessible restrooms within Carrabba's in violation of the following ADAAG sections opposite the description of the non-compliant aspect of the restrooms:

  i. non-compliant turning radius and clear floor space within the accessible restroom and stall (in violation of ADAAG 4.17.3);

  ii. non-compliant grab bars within the accessible stall and restroom (in violation of ADAAG 4.17.6);

  iii. lack of insulated pipes under sink (in violation of ADAAG 4.19.4);

  iv. protruding objects (in violation of ADAAG 4.4.1);

8

21. The above listing is not intended to be an all-inclusive list of the barriers, conditions and violations of the ADA encountered by Plaintiff and existing at Carrabba's. Plaintiff requires a full and complete inspection of Carrabba's and the portion of the Property servicing Carrabba's, with full access thereto, in order to determine all of the Defendant's discriminatory acts violating the ADA.

22. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

23. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at Carrabba's and the portion of the Property servicing it, including but not limited to those set forth herein.

24. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

25. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order to alter Carrabba's and the portion of the Property servicing it to make it readily accessible to and usable by individuals with disabilities to the extent required by the ADA, and the closing of the Property until such time as the required modifications are completed.

WHEREFORE, Plaintiff, David Ramnarine, requests that the Court issue a permanent

injunction enjoining Defendant, Carrabba's Italian Grill, from continuing its discriminatory practices, ordering Defendant to remove the physical barriers to access and alter Carrabba's and the portion of the Property servicing it to make it readily accessible to and usable by individuals with disabilities to the full extent required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT III – FOR INJUNCTION AGAINST LAS VEGAS V11

26. Plaintiff reallages and reavers paragraphs 1 though 11 above as if fully set forth herein.

27. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access Las Vegas Cuban Cuisine at the Property and/or fully and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations offered therein, includes:

a) Lack of sufficient number of disabled parking spaces servicing Las Vegas Cuban Cuisine (in violation of ADAAG 4.6.4);

b) Disabled parking spaces servicing Las Vegas Cuban Cuisine that are not striped in a compliant manner (in violation of ADAAG 4.6);

c) Disabled parking spaces servicing Las Vegas Cuban Cuisine that are not part of an accessible route to Las Vegas Cuban Cuisine (in violation of ADAAG 4.6.3);

d) Non-compliant disabled parking signage servicing Las Vegas Cuban Cuisine (in violation of ADAAG 4.6.4);

e) Non-compliant accessible route from the public sidewalk and transportation stops to Las Vegas Cuban Cuisine (in violation of ADAAG 4.3);

f) Non-compliant accessible routes from the disabled parking spaces to Las Vegas Cuban Cuisine (in violation of ADAAG 4.3 and ADAAG 4.6);

g) Non-compliant ramps and slopes within the parking spaces and accessible routes to Las Vegas Cuban Cuisine (in violation of ADAAG 4.7 and 4.8);

    h) Lack of directional signage informing persons with disabilities as to the compliant accessible route from the disabled parking spaces to the accessible ramp and accessible entrance to Las Vegas Cuban Cuisine (in violation of ADAAG 4.6.4);

    i) Lack of signage and policies in place to assist persons with disabilities within Las Vegas Cuban Cuisine (in violation of ADAAG 4.30);

    j) Non-compliant maneuvering space and clear floor space within Las Vegas Cuban Cuisine (in violation of ADAAG 4.2);

    k) Non-compliant accessible seating within Las Vegas Cuban Cuisine (in violation of ADAAG 4.32 and ADAAG 5.1); and

    l) lack of accessible restrooms within Las Vegas Cuban Cuisine in violation of the following ADAAG sections opposite the description of the non-compliant aspect of the restrooms:

        i. non-compliant turning radius and clear floor space within the accessible restroom and stall (in violation of ADAAG 4.17.3);

        ii. non-compliant grab bars within the accessible stall and restroom (in violation of ADAAG 4.17.6);

        iii. lack of insulated pipes under sink (in violation of ADAAG 4.19.4);

        iv. non-compliant mirror heights (in violation of ADAAG 4.19.6);

        v. protruding objects (in violation of ADAAG 4.4.1);

        vi. toilet in the accessible stall and restroom that is not compliant (in violation of ADAAG 4.16, ADAAG 4.17, ADAAG 4.19 and ADAAG 4.22); and

        vii. sink in the accessible stall and restroom that is not compliant (in violation of ADAAG 4.24);

28. The above listing is not intended to be an all-inclusive list of the barriers, conditions and violations of the ADA encountered by Plaintiff and existing at Las Vegas Cuban Cuisine. Plaintiff requires a full and complete inspection of Las Vegas Cuban Cuisine and the portion of the Property servicing Las Vegas Cuban Cuisine, with full access thereto, in order to determine all of the Defendant's discriminatory acts violating the ADA.

29. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

30. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at Las Vegas Cuban Cuisine and the portion of the Property servicing it, including but not limited to those set forth herein.

31. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

32. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order to alter Las Vegas Cuban Cuisine and the portion of the Property servicing it to make it readily accessible to and usable by individuals with disabilities to the extent required by the ADA, and the closing of the Property until such time as the required modifications are completed.

WHEREFORE, Plaintiff, David Ramnarine, requests that the Court issue a permanent injunction enjoining Defendant, Las Vegas V11, from continuing its discriminatory practices, ordering Defendant to remove the physical barriers to access and alter Las Vegas Cuban Cuisine and the portion of the Property servicing it to make it readily accessible to and usable by

individuals with disabilities to the full extent required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

                                              s/Drew M. Levitt
                                              DREW M. LEVITT, ESQ.
                                              Florida Bar No: 782246
                                              E-mail: dml2@bellsouth.net
                                              LEE D. SARKIN, ESQ.
                                              Florida Bar No. 962848
                                              E-mail: lsarkin@aol.com
                                              4700 N.W. Boca Raton Boulevard
                                              Suite 302
                                              Boca Raton, Florida 33431
                                              Telephone (561) 994-6922
                                              Facsimile   (561) 994-0837